**WO**                                                                                           TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey James Faulkner,        ) | No. CV 06-2966-PHX-SMM (JRI) |
| )                               | |
| Plaintiff,                 ) | **ORDER** |
| )                               | |
| vs.                             ) | |
| )                               | |
| Dora B. Schriro,          ) | |
| )                               | |
| Defendants.             ) | |

Plaintiff Jeffrey James Faulkner, who is confined in the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.). The Court will dismiss this action for failure to state a claim.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $194.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

**TERMPSREF**

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

### III. Complaint

In his Complaint, Plaintiff alleges that he was convicted of aggravated assault on March 8, 1988. Plaintiff contends that on June 12, 1999, ADOC policy number 902 "Inmate legal access to courts" was implemented, which denied Arizona prisoners access to case law cites, updated changes in the law and legal assistance. Plaintiff contends that on March 27, 2000, all Arizona prison libraries were removed. Plaintiff contends that in the year 2000, the U.S. Supreme Court decided the case of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which affected sentencing protocol nationwide. Plaintiff contends that he appealed his conviction and sentence and, on March 30, 2000, the Arizona Court of Appeals reversed and remanded his sentence and set a re-sentence date due to an illegal sentence pertaining to a breach of plea agreement by the state. Plaintiff contends that he had no knowledge of the Apprendi case when he filed his appeal because the law library was not available.

Plaintiff contends that on January 4, 2001, he was re-sentenced by the trial court to an aggravated maximum term imprisonment and the judge used the same four aggravating factors found by the trial judge at the 1998 sentencing to again enhance his sentence.

Plaintiff contends that on February 20, 2005, he was alerted to the new application of Apprendi by a fellow prisoner. Thereafter, Plaintiff contends that he filed a Petition for Post Conviction relief, but his petition was denied as untimely. Plaintiff contends that he appealed to the Arizona Court of Appeals, arguing that the Department of Corrections never made the new law in Apprendi available to him and therefore, his time should have been tolled and he should receive the sentencing benefit of Apprendi. The Court of Appeals denied his appeal on February 17, 2006. Plaintiff essentially claims that because of the ADOC policy denying inmates access to a prison law library, he was denied access to the Courts and missed court deadlines, causing him to receive an aggravated sentence.

Plaintiff seeks permission to proceed to the Superior Court to file a Rule 32 petition,

citing the case of Apprendi. Plaintiff also seeks monetary damages.

**IV. Failure to State a Claim**

When a prisoner challenges the validity of his confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For civil rights claims brought in § 1983 actions that also challenge the validity of confinement, the Supreme Court announced a "favorable termination rule" as follows:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Without such a showing of a "favorable termination," the person's cause of action under § 1983 has not yet accrued. Id. at 489. Thus, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed. Id. at 487.

Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and therefore, his claims are barred by Heck. To the extent that Plaintiff seeks the invalidation of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). However, Plaintiff should note that a prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

For the foregoing reasons, this action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court will be directed to enter judgment accordingly

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $194.00

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 8th day of January, 2007.

Stephen M. McNamee
United States District Judge