**WO**                                            TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey James Faulkner, | No. CV 06-2966-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion For Reconsideration (Doc. #6). The Court will deny the motion.

**I. Background**

On December 11, 2006, Plaintiff Jeffrey James Faulkner filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff alleges that he was convicted in the state court of aggravated assault on March 8, 1988. Plaintiff contends that on June 12, 1999, Arizona Department of Corrections Policy ("ADOC") number 902 "Inmate Legal Access To Courts" was implemented, which denied Arizona prisoners access to case law cites, updated changes in the law and legal assistance. Plaintiff contends that on March 27, 2000, all Arizona prison libraries were removed. Plaintiff contends that in the year 2000, the U.S. Supreme Court decided the case of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which affected sentencing protocol nationwide.

Plaintiff essentially argues that as a result of the ADOC policy denying inmates access to a prison law library, he had no knowledge of the Apprendi case when he filed his appeal. Thereafter, Plaintiff contends that he appealed to the Arizona Court of Appeals, arguing that

the Department of Corrections never made the new law in <u>Apprendi</u> available to him and therefore, his time should have been tolled and he should receive the sentencing benefit of <u>Apprendi</u>. On February 16, 2006, the Court of Appeals denied his appeal. Plaintiff contends that if he had not been denied access to the <u>Apprendi</u> decision when his criminal appeals were pending, he would have received the benefits from the change in sentencing law including a reduced sentence (Complaint at 6). Plaintiff seeks injunctive relief, monetary relief, fees, and costs.

By Order filed on January 9, 2007 (Doc. #3), the Court found that a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and therefore, his claims are barred by <u>Heck</u>. The Court also advised Plaintiff that to the extent he seeks the invalidation of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973). Plaintiff was advised that before a federal court will entertain his petition for writ of habeas corpus, he must first exhaust his state court remedies. <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court dismissed this action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**II. Motion For Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. <u>Defenders of Wildlife v. Browner</u>, 909 F. Supp. 1342, 1351 (D.Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993), <u>cert. denied</u>, 512 U.S. 1236 (1994). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through — rightly or wrongly.'" <u>Defenders of Wildlife</u>, 909 F. Supp. at 1351 (quoting <u>Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D.Va. 1983)).

### III. Discussion

In his motion, Plaintiff contends that the Court misconstrued his Complaint. Plaintiff contends that he is not challenging the validity of his confinement but rather, the only relief he seeks is to allow Plaintiff to "go to court in a separate litigation" (Motion at 2). Plaintiff's request for relief is unambiguous. On page five of his Complaint, Plaintiff states that in addition is to his request for injunctive relief, he seeks "monetary relief, fees and costs."

Moreover, in his Complaint, Plaintiff alleges he was "prejudiced when the trial judge sentenced him in 2001 to twenty one year maximum consecutive prison terms. Wherefore if Faulkner had received a legal presumptive prison term of two ten year six month terms pursuant to the sixth amendment US constitutional right to a fair trial and fourteenth amendment right to due process of law, found in Apprendi, his sentence would not be illegal as it stands today" (Complaint at 7). This claim specifically challenges the legality of his confinement and to the extent that Plaintiff seeks the invalidation of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

Finally, the right of access to the courts is only a right to bring petitions or complaints and not a right to discover such claims or even to litigate them effectively once filed with a court. Lewis v. Casey, 518 U.S. 343, 354 (1996); see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.

Here, Plaintiff seeks relief pursuant to 42 U.S.C. §1983 for a claim of denial of access to the courts. Plaintiff has not demonstrated that he was prevented from bringing to court a nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. To the contrary, Plaintiff's Complaint clearly establishes that he was provided with numerous opportunities to litigate his claims and he did so. The fact that he did not prevail on his claim does not

establish a claim for denial of access to the Courts. Without a showing that Plaintiff has sustained an "actual injury", Plaintiff cannot sustain an action under 42 U.S.C. § 1983. Accordingly, the Court will deny Plaintiff's motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Reconsideration (Doc. # 6) is **DENIED**.

DATED this 30th day of April, 2007.

Stephen M. McNamee
United States District Judge